**In re SUN CLIFFE, INC., Debtor.**

**Bankruptcy No. 88 B 08099 J.**

United States Bankruptcy Court, D. Colorado.

Aug. 11, 1992.

Jeffrey S. Brinen, Rubner & Kutner, P.C., Denver, Colo., for claimant Rubner & Kutner, P.C.

Michael Lloyd, Sp. Asst. U.S. Atty., Denver, Colo., for claimant I.R.S.

### MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court upon the Motion to Allow Administrative Claims of the Internal Revenue Service ("IRS") filed June 18, 1992, and the Objection to the Administrative Expense Claim of the Internal Revenue Service filed by Rubner & Kutner, P.C. ("R & K") on July 13, 1992. The matter was argued August 4, 1992.

This case was filed as a Chapter 11 case on June 20, 1988. It was converted to a Chapter 7 case on January 8, 1990, *nunc pro tunc* January 5, 1990. During the course of the Chapter 11 case the Debtor failed to pay certain payroll taxes and these taxes began to accrue interest and

**790**

penalties. There is no dispute that the taxes, interest and penalties accruing during the Chapter 11 are allowed as an administrative expense under § 503(b)(1)(A), i.e. as an actual, necessary cost and expense of preserving the estate. However, it is the position of the IRS that the interest and penalties continue to accrue after conversion of the case to Chapter 7. It is the position of R & K that the interest and penalties do not accrue post-conversion.

The IRS relies on 11 U.S.C. § 348(d) which provides as follows:

(d) A claim against the estate or the debtor that arises after the order for relief but before conversion in a case that is converted under section 1112, 1307, or 1208 of this title, other than a claim specified in section 503(b) of this title, shall be treated for all purposes as if such claim has arisen immediately before the date of the filing of this petition.

The IRS argues because this section specifies that all post-petition Chapter 11 claims are to be treated as pre-petition claims upon conversion to Chapter 7 *except* § 503(b) claims that this implies that the interest and penalties continue to accrue. But that is not what this section mandates. All this section does is tell us how to handle all post-petition Chapter 11 claims that are not § 503(b) claims. It does not tell us how to handle the § 503(b) claims. We must look elsewhere in the law to make that determination.

Both parties have admitted that they can find no provision of the Bankruptcy Code that specifically gives guidance. Nor can they find any relevant case law. This Court agrees that the Code is silent on the subject. The only pertinent case law on the subject is a case decided under the Bankruptcy Act, not the Bankruptcy Code, i.e. *Nicholas v. United States*, 384 U.S. 678, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966). There the court identified three distinct time periods—the pre-arrangement period, the arrangement period, and the liquidating period. These correspond to the current periods under the Bankruptcy Code of pre-petition, post-petition Chapter 11, and Post-conversion Chapter 7. After examining the reasoning of the *Nicholas* case, this Court concludes that it is equally applicable here. There the Supreme Court reaffirmed the principle that

... the accumulation of interest on a debt must be suspended once an enterprise enters a period of bankruptcy administration beyond that in which the underlying interest-bearing obligation was incurred. 384 U.S. at 685, 86 S.Ct. at 1680–81.

The Supreme Court went on to conclude that interest on taxes incurred during the arrangement period (here the post-petition Chapter 11 period) would cease once the case entered the liquidation period (here the post-conversion Chapter 7 period). It is, therefore,

ORDERED that the interest and penalties for taxes incurred during the administration of the Chapter 11 case do not continue to accrue as against the bankruptcy estate upon conversion of the case to Chapter 7, and, therefore, the Motion to Allow Administrative Claims of the Internal Revenue Service is denied as to such interest and penalties accruing from and after January 5, 1990.